IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JUAN CASTRO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:05-CV-706 |
| | ) | (NO. 00-CR-515) |
| UNITED STATES OF AMERICA, | ) | (N.D. Illinois) |
| | ) | |
| Respondent. | ) | |

### ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner, Juan Castro, on October 26, 2005. For the reasons set forth below, this Motion is **DENIED WITHOUT PREJUDICE**. The Clerk is **ORDERED** to distribute a copy of this order to Petitioner at the LaPorte County Jail in LaPorte, Indiana, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

The instant case stems from the underlying criminal case, Case No. 00-CR-515, docketed in the Northern District of Illinois. In that case, Petitioner, Juan Castro, was charged via a 1-count information with escaping from federal custody, in violation of Title 18 U.S.C. section 751(a). On August 31, 2000, Petitioner pled guilty to that offense and, ultimately, was sentenced to a 10-month term of

imprisonment to be followed by 36 months of supervised release. Apparently, Petitioner served his 10-month term of imprisonment in the federal facility in Pekin, Illinois.

In June 2004, Petitioner was on supervised release, and residing in Indiana. Consequently, jurisdiction over Petitioner's criminal case was transferred from Judge James B. Zagel to this Court. Currently, Petitioner is incarcerated in the Indiana state prison system and has filed the instant petition complaining of an action taken by the parole board while he was in custody at the Federal Correctional Institute in Pekin, Illinois. Simply, Petitioner requests this Court alter his federally imposed term of parole.

DISCUSSION

As a threshold matter, it must be pointed out that Petitioner's motion is nominally a section 2254; however, substantively the motion is more appropriately founded under section 2241. Indeed, a motion pursuant to section 2254 provides a federal remedy for a person who, being in state custody pursuant to the judgment of a state court, wishes to challenge a sanction that affects the length of his custody. 28 U.S.C. § 2254; *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). As Petitioner is not challenging a sanction pursuant to a state court judgment, section 2254 is inapplicable. In contrast, a motion under section 2241 is the vehicle to challenge the federal system's decision regarding the execution of a person's federal

sentence.  28 U.S.C. § 2241; *Alhassan v. Hagee*, 424 F.3d 518, 521-22 (7th Cir. 2005); *Valona v. United States*, 138 F.3d 693 (7th Cir. 1998).  As Petitioner is seeking to modify his federally imposed term of parole, his motion will be treated as one under section 2441.  See e.g. *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000)(holding that post-conviction motions should be treated according to their substance rather than their form).

With that understanding in mind, the details of Petitioner's claim can be examined.  According to Petitioner's vague statements, while he was incarcerated in federal custody, the parole board imposed an additional year of parole onto his sentence as a result of his participation in an incident that occurred at the Pekin facility.  Subsequently, Petitioner appealed and was found not guilty of that incident.  Petitioner now wants the imposed additional one year of parole modified or terminated.

It is clear that Petitioner has already served his 10-month federal sentence, is no longer being detained in federal custody and now only complains about his term of parole.  The Seventh Circuit has made clear that district courts are without jurisdiction to entertain a petitioner's request to modify or revoke federal parole in a case such as this.  *United States v. Fazzini*, 414 F.3d 695, 698 (7th Cir. 2005).

**DATED:  November 22, 2005**          **/s/RUDY LOZANO, Judge**
                                         **United States District Court**